IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00885–EWN–BNB

RICHARD GALVIN, an individual,

    Plaintiff,

v.

BRIAN MCCARTHY, an individual, and
SPIRIT ENERGY, LLC, an Arkansas limited
liability company,

    Defendant.

―――――――――――――――――――――――――――――――――――――――――――

**ORDER AND MEMORANDUM OF DECISION**
―――――――――――――――――――――――――――――――――――――――――――

    This action arises from Plaintiff Richard Galvin's investment of $299,000 into a gas well project located in Texas (hereinafter "the Project") and headed, in part, by Defendant Spirit Energy, LLC (hereinafter "Spirit"), which Plaintiff alleges fraudulently induced him to invest in the Project. Plaintiff further alleges that Defendant Brian McCarthy, Chief Operating Officer of Spirit, defaulted on a promissory note he executed in favor of Plaintiff to secure Plaintiff's investment in the Project. This matter is before the court on "Motion of Defendant Spirit Energy, LLC, to Dismiss for Lack of Personam [sic] Jurisdiction," filed May 25, 2007. Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

**FACTS**

*1.     Factual Background*

The following facts are taken from Plaintiff's response to Spirit's motion to dismiss for lack of jurisdiction. (Pl.'s Opp'n to Spirit Energy's Mot. to Dismiss at 3–7 [filed June 18, 2007] [hereinafter "Pl.'s Resp."].) These facts are supported by Plaintiff's affidavit as well as other facially valid documentary evidence. (*See* Pl.'s Resp., Exs. 2–9.) Spirit does not deny the facts as represented in Plaintiff's response. (*See* Spirit Energy's Reply to Pl.'s Resp. to Spirt Energy's Mot. to Dismiss Re [sic] Lack of Personal Jurisdiction [filed Aug. 2, 2007] [hereinafter "Spirit's Reply"].) Thus, for the purposes of this motion, I deem Plaintiff's factual allegations admitted.

Plaintiff has been a resident of Colorado since 1957, and his business office has always been located in Colorado. (Pl.'s Resp. at 3.) On August 15, 2005, William S. Elkins contacted Plaintiff in his Colorado office on behalf of Spirit to solicit a $300,000 investment in the Project. (*Id.*) During the conversation, Mr. Ekins conveyed that Jim Reynolds, owner and president of Spirit, and Mr. McCarthy had collectively asked Mr. Elkins to solicit Plaintiff for an investment in the Project. (*Id.* at 3–4.) On August 16, 2004, Mr. Elkins sent a package of promotional materials regarding the Project to Plaintiff's Colorado business address, including information relating to Spirit and the business cards for Messrs. Reynolds and McCarthy. (*Id.* at 4.) On August 17, 2004, Messrs. Elkins and McCarthy called Plaintiff at his Colorado office to again solicit his investment in the Project. (*Id.*) Mr. McCarthy initiated other phone solicitations to Plaintiff at his Colorado office on August 25, 2004, and September 10, 12, and 23, 2004. (*Id.*)

On December 20, 2004, Mr. McCarthy traveled to Colorado to meet with Plaintiff and further solicit his investment in the Project. (*Id.* at 6.) During the visit: (1) the parties discussed the terms of Plaintiff's prospective investment in the Project; (2) the parties negotiated the terms of a promissory note and other agreements regarding the Project; (3) the parties signed gas well agreements; and (4) Mr. McCarthy executed a promissory note payable to Plaintiff for $299,000. (*Id.*) Since December 21, 2004, Mr. McCarthy has sent information regarding the Project to Plaintiff's Colorado office on several occassions. (*Id.*)

## 2. *Procedural History*

On March 16, 2007, Plaintiff filed a complaint in the Arapahoe County District Court of Colorado alleging: (1) default on a negotiable instrument by Mr. McCarthy; (2) breach of contract by Mr. McCarthy; (3) breach of guaranty by Mr. McCarthy; (4) unjust enrichment by all Defendants; (5) deceit based on fraud by all Defendants; (6) civil conspiracy by all Defendants; and (7) Rule 10b–5 fraud by all Defendants. (*See* Notice of Removal, Ex. 5 [Am. Compl.] [filed Apr. 30, 2007].) Plaintiff's single allegation relating to personal jurisdiction in his complaint was: "This court has jurisdiction over this matter pursuant to [Colorado Revised Statutes section] 13–1–124." (*Id.*, Ex. 5 ¶ 5 [Am. Compl.])

On April 30, 2007, Defendants removed the action to this court. (*Id.*) On May 25, 2007, Spirit filed a motion to dismiss for lack of personal jurisdiction. (Mot. of Def. Spirit Energy, LLC, to Dismiss for Lack of Personam [sic] Jurisdiction [filed May 25, 2007] [hereinafter "Spirit's Br."].) On June 18, 2007, Plaintiff responded to the motion. (Pl.'s Resp.) On August 2, 2007, Spirit replied in support of its motion. (Spirit's Reply.) This issue is fully briefed.

**ANALYSIS**

*1.    Legal Standard*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2) (2007). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing and the motion to dismiss for lack of personal jurisdiction is to be decided on the basis of affidavits and other written materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendant's] affidavits.'" *Wenz*, 55 F.3d at 1505 (quoting *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 [10th Cir. 1992]). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "[P]laintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*,

912 F.2d 429, 431 (10th Cir. 1990). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state" or the "transaction of any business within this state." Colo. Rev. Stat. § 13–1–124(1)(a)–(b) (2007). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).

## 2. *Evaluation of Claims*

Spirit asserts that it is not subject to this court's personal jurisdiction because: (1) Plaintiff's conclusory allegation that personal jurisdiction exists over Spirit pursuant to Colorado Revised Statutes section 13–1–124 is an insufficient basis for this court to exercise such jurisdiction; and (2) exercising jurisdiction over Spirit in this case would be unreasonable. (*See* Spirit's Br.; Spirit's Reply.) Plaintiff, on the other hand, contends that the allegations in his response and his affidavit coupled with documentary proof supporting those allegations more than

satisfy his burden to prove personal jurisdiction based on Spirit's business and/or tortious contacts with Colorado. (Pl.'s Resp.) I wholeheartedly agree with Plaintiff.

### a. *Insufficiency of Plaintiff's Complaint*

As an initial matter, although it is true that conclusory allegations of jurisdiction unsupported by competent proof are insufficient to establish jurisdiction, a plaintiff is not limited to proving jurisdiction through the allegations in his complaint. *Wenz*, 55 F.3d at 1505, 1508–09. Once a defendant contests jurisdiction, the plaintiff has the opportunity and obligation to prove personal jurisdiction by reference to affidavits, documentary evidence, and/or a pretrial evidentiary hearing. *See F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) ("Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." [internal citations omitted]). "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction, and may gather evidence on the question of jurisdiction by affidavits or otherwise in an effort to determine the facts as they exist." *Ten Mile Indus. Park v. W. Plains Servs. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987) (internal quotations omitted); *accord Oaklawn*, 959 F.2d at 174. Thus, that Plaintiff's complaint, standing alone, is insufficient to support jurisdiction is by no means fatal to his causes of action.

### b. *Business Contacts as a Basis for Specific Personal Jurisdiction*

Plaintiff asserts that Spirit's business contacts with Colorado are sufficient to allow this court to exercise specific jurisdiction over Spirit. Due process requires that to subject a

nonresident to the specific jurisdiction of the forum state based on its business contacts, the underlying litigation must result from the alleged injuries that "arise out of or relate to" significant activities of the defendant purposefully directed at residents of the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1116 (D. Colo. 1999). The defendant must have committed some act purposefully availing himself of the privilege of conducting activities within the forum state such that he should have reasonably anticipated being haled into court there. *Burger King*, 471 U.S. at 472, 474. Contacts between the defendant and the forum state cannot be "random," "fortuitous," or "attenuated." *F.D.I.C. v. First Interstate Bank of Denver N.A.*, 937 F. Supp. 1461, 1468 (D. Colo. 1996). Stated simply, specific jurisdiction is proper where a defendant has certain minimum contacts with the forum state, these minimum contacts relate to the cause of action, and exercise of jurisdiction would not offend fair play and traditional notions of justice. *See* BLACK'S LAW DICTIONARY 857 (7th ed. 1999).

Here, viewing the facts in the light most favorable to Plaintiff, I find that because Spirit initiated numerous contacts by phone and mail with Plaintiff in Colorado regarding the Project, traveled to Colorado to solicit funds for the Project, and negotiated and signed the agreements and promissory note related to the Project in Colorado, it has without a doubt purposely availed itself of the privilege of conducting business activities within the state. *See Burger King*, 471 U.S. at 472. The negotiation and execution of the promissory note in Colorado, which forms the basis of several of Plaintiff's interrelated claims regarding the Project, is sufficient, in and of itself, to support personal jurisdiction over Spirit. The Colorado Court of Appeals has explained that to

confer jurisdiction based on a contract or, by analogy, a promissory note, "the contract typically must either require activity by the defendant in the forum state, have been negotiated in-state pursuant to substantial and significant contacts, have been executed by the defendant in-state, or have been solicited by the out-of-state defendant." *New Frontier Media, Inc. v. Freeman*, 85 P.3d 611, 614 (Colo. Ct. App. 2003) (citations omitted). Although any one of these contacts would likely be sufficient to confer jurisdiction, Plaintiff's allegations suggest that *every one* of these contacts exists in the present case. (*See* Pl.'s Resp. at 3–6.) The contacts are not "random," "fortuitous," or "attenuated," and they relate directly to the causes of action before the court. *See New Frontier Media*, 85 P.3d at 641; *First Interstate Bank*, 937 F. Supp. at 1468. Accordingly, I find that Spirit's business contacts with Colorado relating to the Project should have led Spirit to reasonably anticipate being haled into court here and are, thus, sufficient to support this court's exercise of personal jurisdiction under Colorado law and due process. *See Burger King*, 471 U.S. at 474.

      *c.*      ***Tortious Acts Causing Injury in Colorado as a Basis for Personal Jurisdiction***

Alternatively, I find Spirit subjected itself to specific personal jurisdiction in Colorado by allegedly committing torts that foreseeably injured Plaintiff in Colorado. In Colorado, minimum contacts are satisfied when: "(1) tortious conduct occurs in Colorado; or (2) tortious conduct initiated in another state causes injury in Colorado." *Nat'l Union Fire*, 115 F. Supp. 2d at 1236; Colo. Rev. Stat. § 13–1–124(1)(a) (2007). Torts stemming from misrepresentations of material fact, such as the deceit based on fraud, civil conspiracy, and Rule 10b–5 fraud claims at issue in the instant case, are deemed to occur in the state in which the misrepresentations were received.

*Broadview Fin. v. Entech Mgmt. Servs. Corp.*, 859 F. Supp. 444, 448 (D. Colo. 1994); *see Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992) (finding that although the alleged misrepresentation and fraud originated in New York via telephone, it was sufficient to constitute tortious acts within the state when received by the plaintiff in Colorado). According to Plaintiff, Spirit made material misrepresentations to him in Colorado regarding the Project via mail, phone, and in-person contact. (*See* Pl.'s Resp. at 3–6.) Spirit does not deny these allegations. (*See* Spirit's Reply.) Viewing the facts in the light most favorable to Plaintiff, I find that by committing tortious acts in Colorado, Spirit foreseeably subjected itself to the possibility of being haled into court in this state. *See Taylor*, 312 F.2d at 434 (finding no violation of due process when personal jurisdiction was based on defendant's commission of a tort within the forum state). Based on the foregoing, I find Plaintiff has met his *prima facie* burden of showing Defendant transacted business and engaged in tortious conduct in Colorado, which is sufficient to trigger this state's long-arm jurisdiction and satisfy the requirements of due process.

Spirit makes no arguments directly challenging the above findings. (*See* Spirit's Br.; Spirit's Reply.) Instead, in a two-page reply brief, Spirit contends, with very little *gusto*, that because the Project, many witnesses, and Spirit is based in Texas, it would be unreasonable for this court to exercise personal jurisdiction in this case. (Spirit's Reply at 2.) Spirit cites no caselaw supporting its argument or refuting my findings above. I, thus, find Spirit's argument wholly unavailing.

*3.     Conclusion*

Based on the foregoing it is therefore ORDERED that Spirit's motion to dismiss for lack of personal jurisdiction (# 8) is DENIED.

Dated this 27th day of November, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge