IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00885–EWN–BNB

RICHARD GALVIN, an individual,

    Plaintiff,

v.

BRIAN MCCARTHY, an individual, and
SPIRIT ENERGY, LLC, an Arkansas limited
liability company,

    Defendant.

───────────────────────────────────────────────

**ORDER AND MEMORANDUM OF DECISION**
───────────────────────────────────────────────

    This action arises from Plaintiff Richard Galvin's investment of $299,000 into a gas well project located in Texas (hereinafter "the Project") and headed, in part, by Defendant Spirit Energy, LLC (hereinafter "Spirit"), which Plaintiff alleges fraudulently induced him to invest in the Project. Plaintiff further alleges that Defendant Brian McCarthy, Chief Operating Officer of Spirit, defaulted on a promissory note (the "Note") he executed in favor of Plaintiff to secure Plaintiff's investment in the Project. This matter comes before the court on "Omnibus Motion of Defendant Spirit Energy, LLC," filed June 8, 2007. Jurisdiction is premised upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

**FACTS**

*1.    Factual Background*

The following facts are taken from Plaintiff's amended complaint and are presumed true for the purposes of this motion. Plaintiff Richard Galvin is an individual residing in Colorado. (Notice of Removal [hereinafter "Notice of Removal"], Ex. 5 [Am. Compl.] [hereinafter "Am. Compl."] ¶ 1 [filed Apr. 30, 2007].) Mr. McCarthy is an individual residing in Texas. (Am. Compl. ¶ 2.) Spirit is an Arkansas limited liability company. (*Id.* ¶ 3.)

Plaintiff invested $299,000 (the "Principal") in certain oil producing wells known as Smajstria #1 well and J.C. Diemer #1 well (the "Wells"). (*Id.* ¶ 7.) Plaintiff secured this investment (hereinafter the "Investment") with the Note executed by Mr. McCarthy in favor of Plaintiff. (*Id.* ¶ 8.) The Note accrues interest at the rate of ten percent per annum on the unpaid Principal and became due on December 20, 2006. (*Id.* ¶¶ 9–10.) As of February 6, 2007, Mr. McCarthy had not paid any portion of the amount due on the Note. (*Id.* ¶ 11.) Defendants collectively induced the Investment by falsely representing to Plaintiff that the Wells were in a proven oil and gas producing area. (*Id.* ¶¶ 12–13.) Further, "Defendants misrepresented such facts to a significant number of other investors in a continuous cycle of misrepresentations built upon misrepresentations and specifically misrepresented to Plaintiff that it was 'realistic and very conservative to expect 2.7 [billion cubic feet ("BCF") of gas] per well." (*Id.* ¶ 14.) These misrepresentations induced Plaintiff to purchase the Note. (*Id.* ¶ 16.)

Pursuant to the terms and conditions of the Note, an event of default is deemed to have occurred if "any representation, warrant or information of or regarding the Borrower contained in

the . . . Note or required to be furnished to the Lender in connection therewith is false or misleading in any material respect on the date made or furnished." (*Id.* ¶ 17.)

## 2. *Procedural History*

On October 20, 2006, Plaintiff filed a complaint in the District Court of Arapahoe County asserting the following claims with respect to the Investment and the Note: (1) Mr. McCarthy defaulted on a negotiable instrument; (2) Mr. McCarthy breached his contract with respect to the Note; (3) Mr. McCarthy breached his guaranty of the Note; (4) Defendants unjustly enriched themselves through the Investment; (5) Defendants engaged in fraud by making misrepresentations to Plaintiff on which he justifiably relied; (6) Defendants engaged in a civil conspiracy to defraud Plaintiff; and (7) Defendants engaged in Rule 10b–5 fraud against Plaintiff. (*Id.* ¶¶ 20–64.) On April 30, 2007, Defendants removed the action to this court. (Notice of Removal.) On May 25, 2007, Spirit filed a motion to dismiss for lack of personal jurisdiction. (Mot. of Def. Spirit Energy, LLC, to Dismiss for Lack of Personam [sic] Jurisdiction [filed May 25, 2007].) On November 27, 2007, I denied Spirit's motion. (*See* Order and Memorandum of Decision [filed Nov. 27, 2007] [hereinafter "Order"].)

On June 8, 2007, Spirit filed an "omnibus" motion to dismiss based on: (1) improper venue; (2) *forum non conveniens*; and (3) failure to state a claim for relief. (Omnibus Mot. of Def. Spirit Engergy, LLC [filed June 8, 2007] [hereinafter "Def.'s Br."].) On July 2, 2007, Plaintiff responded to the motion. (Pl.'s Opp'n to Def. Spirit Energy LLC's "Omnibus Mot. to Dismiss" [filed July 2, 2007] [hereinafter "Pl.'s Resp."].) On August 2, 2007, Spirit replied in

support of its motion.  (Sprit Energy's Reply to Pl.'s Resp. to Omnibus Mot. to Dismiss [filed Aug. 2, 2007] [hereinafter "Def.'s Reply"].)  This issue is fully briefed and ripe for review.

**ANALYSIS**

*1.     Evaluation of Claims*

Spirit seeks dismissal of Plaintiff's claims against it for the following reasons: (1) improper venue; (2) *forum non conveniens*; (3) failure to state a claim for relief as to the entire complaint; (4) failure to plead fraud and mistake with particularity; and (5) failure to properly plead 10b–5 fraud.  (*See* Def.'s Br.)  Plaintiff counters that: (1) Defendant has already waived its venue and *forum non conveniens* arguments; (2) Plaintiff sufficiently pled all claims; and (3) in the event the court finds any claims insufficiently pled, leave should be granted to amend Plaintiff's complaint.  (Pl.'s Resp.)  I address each of Spirit's argument in turn.

*a.     Improper of Venue*

Without addressing the substance of Spirit's claims regarding venue, I find dismissal is not warranted on this ground.  As Plaintiff points out, when Spirit filed its motion to dismiss for lack of personal jurisdiction on May 25, 2007, it waived its right to move to dismiss based on improper venue at a later time.  (*See* Pl.'s Resp. at 1–4.)  Federal Rule of Civil Procedure 12(b) permits the defenses of personal jurisdiction and improper venue to be raised by motion.  *See* Fed. R. Civ. P. 12(b).[1]  Further, as written at the time Spirit filed its briefs, Rule 12(g) stated:

---

[1] All references to the Federal Rules of Civil Procedure herein are to the version in effect as of January 15, 2007 — the version applicable at the time the relevant briefs were filed.

> **Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.[2]

Fed. R. Civ. P. 12(g). Finally, Rule 12(h)(1) made clear that the defense of "improper venue . . . is waived [] if omitted from a motion in the circumstances described in subdivision (g)." Fed. R. Civ. P. 12(h)(1). Accordingly, by filing Plaintiff's first motion to dismiss based on personal jurisdiction without simultaneously objecting to the allegedly improper venue, Spirit waived any future objection to venue. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006) (noting because "venue is largely a matter of litigational convenience . . ., it is waived if not timely raised"); *cf. Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 175 (10th Cir. 1992) ("If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses."). Spirit makes no arguments to the contrary. (*See* Spirit's Reply.) Thus, I deny Spirit's motion to dismiss with respect to improper venue.

### b. Forum Non Conveniens

Spirit next argues that, regardless of venue, the court should exercise its discretion to dismiss the case under the doctrine of *forum non conveniens*, so that the case can be properly pursued in Texas, if at all. (Def.'s Br. at 6–7.) The Supreme Court has explained the doctrine as follows:

---

[2]Rule 12(h)(2) is inapplicable to the instant motion. *See* Fed. R. Civ. P. 12(h)(2).

> Under the federal doctrine of *forum non conveniens*, when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established.

*Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994) (internal quotation marks omitted).

However, the Supreme Court has also made clear that the doctrine survives only as it relates to dismissal to a *foreign* forum:

> [The] transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute, *see* 28 U.S.C. § 1404(a), and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in "cases where the alternative forum is abroad."

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (quoting *Am. Dredging Co.*, 510 U.S. at 449 n.2; further internal citations omitted). Texas, contrary to the wishes of some of its citizens, is not at this point a foreign forum. Thus, I deny Spirit's motion to dismiss on *forum non conveniens* grounds. Nonetheless, I consider Spirit's arguments under the relevant federal statute.

Section 1404(a) of Title 28 of the United States Code states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006) (hereinafter "Section 1404[a]"). A court's assessment of convenience under Section 1404(a) is "discretionary." *King v. PA Consulting Group, Inc.*, 78 F. App'x 645, 647 (10th Cir. 2003). However, "unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum

should rarely be disturbed." *Id.* (quotation marks omitted). Motions for transfer warrant an "'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "[The] party moving to transfer a case pursuant to [Section] 1404(a) bears the burden of establishing that the forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

As an initial matter, Plaintiff contends that Spirit has waived any transfer of venue defense under Rule 12(h)(1). (Pl.'s Resp. at 1–3.) I disagree. Transfer of venue is discretionary; a court may transfer an action under Section 1404(a) "at *any time* during the pendency of a case, even after judgment has been entered." *Chrysler Credit Corp.*, 928 F.2d at 1516 (emphasis added). Consolidation is required *only* for those defenses enumerated in Rule 12, which does not include transfer of venue. *See* Fed. R. Civ. P. 12(b). Accordingly, I find it remains in this court's discretion to transfer this case pursuant to Section 1404(a). *See L&L Constr. Assocs. v. Slattery Skanska, Inc.*, No. 05–1289, 2006 U.S. Dist. LEXIS 14969, at *6–7 (D.C. Cir. Mar. 31, 2006) ("The plain text of the Federal Rules of Civil Procedure clearly state that the waiver provision of Rule 12[g] only applies to the types of motions permitted by Rule 12, namely, motions to dismiss under 12[b]. Rule 12[g] does not apply to motions outside of Rule 12, and thus is not applicable to motions to dismiss under *forum non conveniens*."); *Dedly v. Watkins*, No. 87–3102, 1987 U.S. Dist. LEXIS 10952, at * 2 (E.D. Pa. Nov. 24, 1987) ("Because a [Section 1404(a)] motion to transfer is not one of the motions enumerated in Rule 12[b], it is not governed by the requirement of consolidation and waiver of Rule 12[g] and [h]."). Accordingly, I now proceed with a fact-

specific analysis of the fairness and convenience of transferring the instant case to Texas. *See Chrysler Credit Corp.*, 928 F.2d at 1516.

Spirit argues for transfer of venue based largely on convenience. More specifically, Spirit asserts:

> [E]ssentially all of the evidence relating to Plaintiff's claims — the person who drilled the wells, the engineer who said where to drill the well, the testimony of Mr. Reynolds, Mr. McCarthy and representatives of Defendant Texas Petroleum Resources, Inc., as well as information about the wells' production or lack thereof — are in Texas.

(Def.'s Br. at 8.) The parties' disclosures do indeed show that the vast majority of potential witnesses for this case are in Texas. (*See* Def.'s Reply, Ex. 1 [Pl.'s 26(a)(1) Disclosures]; Ex. 2 [Def.'s 26 (a)(1) Disclosures].) In fact, of the fourteen people Plaintiff identified who have information regarding the instant dispute, only two — one of whom is Plaintiff — reside in Colorado. (*See id.*, Ex. 1 [Pl.'s 26(a)(1) Disclosures].) However, the vast majority of the Texas witnesses are Defendants' executives and employees. (*See id.*) Thus, although these individuals are outside the reach of the compulsory process of this court, they are not without incentive to attend hearings and a trial in Colorado. Moreover, "proximity to the courthouse is only *one* factor to consider in a [Section] 1404(a) motion." *Tex. E. Transmission Corp. v. Marine Office-Appleton*, 579 F.2d 561, 568 (10th Cir. 1978) (finding district court judge did not abuse his discretion in refusing to transfer a case, even though most witnesses did not reside in the district where the trial took place). In the case at bar, because the vast majority of the individuals who are inconvenienced by a Colorado venue are Defendants' executives and employees, transferring the venue to Texas would merely shift inconvenience from Defendants to Plaintiff. I find such

"[a] shifting of inconvenience from one side to another is not a strong reason for transfer" from Plaintiff's chosen forum. *Triple A P'ship v. MPPL Commc'ns Inc.*, 629 F. Supp. 1520, 1526 (D. Kan. 1986); *accord Welch v. Pro-Benefit Staffing, Inc,* No. 90–A–426, 1990 U.S. Dist. LEXIS 20133, at *16 (D. Colo. Nov. 7, 1990). Accordingly, I find the location of witnesses militates weakly in favor of transfer.

Spirit also contends that because all of the evidence related to Plaintiff's claim is in Texas, convenience weighs heavily in favor of transfer. (*See* Def.'s Br. at 8.) Plaintiff counters that the location of this evidence is inconsequential, because it is largely, if not wholly, documentary. (Pl.'s Resp. at 7.) I agree with Plaintiff. Spirit does not list the records that are located in Texas or explain why transmitting such records, either in paper or electronic form, to Colorado is more inconvenient than transferring the information within Texas. (*See* Def.'s Br. at 8.) Either way, the information and documentation will need to be copied or scanned and delivered to counsel for Plaintiff. Thus, Spirit has failed to show that the location of the evidence weighs in favor of transfer.

Plaintiff, on the other hand, argues that the equities weigh *against* transfer. As I have already found in my order denying Spirit's motion to dismiss based on lack of personal jurisdiction: "Spirit initiated numerous contacts by phone and mail with Plaintiff in Colorado regarding the Project, traveled to Colorado to solicit funds for the Project, and negotiated and signed the agreements and a promissory note related to the Project in Colorado." (Order at 7.) Thus, I concluded that Spirit should reasonably have expected to be brought to court in Colorado, Plaintiff's place of residence since 1957. (Pl.'s Resp. at 7–8.) I now further find that *Plaintiff*

should reasonably have expected to be able to sue Spirit in Colorado for misrepresentations it made to him in Colorado. Thus, I find the equities weigh against transfer of venue.

Finally, the parties dispute the weight of certain forum-related clauses contained in contracts between them. Spirit points to a clause contained in two contracts between itself and Plaintiff which states: "This agreement, and its application or interpretation, shall be governed by the laws of the United States of America and the State of Texas. Venue for any action arising hereunder shall lie in Hunt County, Texas." (Def.'s Br. at 5–6.) Plaintiff, however, points out that the contracts at issue in his complaint contains a clause adopting Arkansas law and identifying Arkansas as the forum. (Pl.'s Resp. at 4–6 [citing Am. Comp. ¶¶ 7–8].) Spirit, in turn, apparently contends that the contracts at issue in the complaint were made when Spirit was located in Arkansas, and that when Spirit moved to Texas, the contracts were somehow automatically amended to contain the aforementioned Texas-centric clauses. (*See* Spirit's Reply at 2.) Unsurprisingly, Spirit cites no caselaw to support its novel and entirely unpersuasive argument. Needless to say, reading the facts in the light most favorable to Plaintiff, I find the clauses at issue have no impact on my analysis regarding transfer of venue.

Considering all of the factors discussed above, I find transfer is *not* warranted. Fairness clearly weighs against transfer. Convenience militates weakly in favor of transfer. Thus, I decline to transfer this case to Texas.

### c.     *Failure to State a Claim Upon Which Relief May be Granted*

Spirit argues for dismissal based on Plaintiff's failure to state a claim on several fronts. (*See* Def.'s Br. at 2–5.)  First, it contends that Plaintiff did not, himself, invest in Spirit and, thus, has no claim against it.  (*Id.* at 2.)  Second, Spirit argues that Plaintiff failed to plead his unjust enrichment and fraud claims with particularity.  (*Id.* at 3–4.)  Third, Spirit urges that Plaintiff's securities fraud claim fails because it does not meet the heightened pleading requirements of the Private Securities Litigation Reform Act (PSLRA).  (*Id.* at 4–5.)  I address each of Spirit's arguments in turn.

### i.     *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002).  Prior to the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), dismissal of a complaint was appropriate only when it appeared the plaintiff could prove

no set of facts in support of the claims that would entitle him to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). In *Bell Atlantic*, however, the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

### ii. *Plaintiff as an Investor in Spirit*

Spirit argues Plaintiff's complaint should be dismissed *in toto* because Plaintiff did not invest in Spirit. (*Id.* at 2.) Spirit cites nothing in the record to support its assertion. (*See id.*) The Note at the center of Plaintiff's complaint and attached to the complaint, is signed by Plaintiff. (Am. Compl., Ex. 1 [Promissory Note].); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1394 (10th Cir. 1997) (noting that in deciding a motion to dismiss, a court may consider a document referred to in the complaint and that is central to the complaint). Further, Plaintiff's investment in the Wells was memorialized in two oil well contracts between Plaintiff and Spirit Energy. (*See* Pl.'s Resp., Exs. 3–4 [Participation Agreements].); *see GFF Corp.*, 130 F.3d at 1394. Based on the foregoing, I deny Spirit's motion to dismiss with respect to Plaintiff's investment in the company.

### iii. *Rule 9(b)'s Particularity Requirement*

Next, Spirit urges that Plaintiff's claims for unjust enrichment and fraud must be dismissed, because Plaintiff failed to plead them with particularity. (Def.'s Br. at 9–11.) In Plaintiff's complaint, he alleges that Defendants' misrepresentations permitted their unjust enrichment and constituted fraud. (Am. Comp. ¶¶ 44–54.) The averments supporting these claims follow:

> 12. The Defendants collectively induced the Investment by falsely representing certain material facts to Plaintiff.
>
> 13. Specifically, the Defendants continuously misrepresented to Plaintiff that the Wells were in a proven oil and gas producing area.
>
> 14. The Defendants misrepresented such facts to a significant number of other investors in a continuous cycle of misrepresentations built upon misrepresentations and specifically misrepresented to Plaintiff that it was "realistic and very conservative to expect 2.7 BCF per well."

(*Id.* ¶¶ 12–14.)

At the time Spirit filed its motion to dismiss, Federal Rule of Civil Procedure 9(b) stated: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake, shall be stated with particularity." Fed. R. Civ. P. 9(b). The Tenth Circuit has interpreted Rule 9(b) to require "a complaint alleging fraud 'to set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 [10th Cir. 1991]); *accord Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and factual ground upon which [they] are based. . . ." *Koch*, 203 F.3d at 1236 (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 [10th Cir. 1992]).

I find Plaintiff's averments do not fully comply with Rule 9(b), because Plaintiff fails to state the time and place the alleged misstatements were made. *See id.* at 1252. Spirit contends that under Rule 9(b), Plaintiff was also required to state the basis for concluding that the

statements made were fraudulent. (*See* Def.'s Br. at 11–12.) In support, Spirit cites unbinding cases from the Second Circuit and the Colorado Supreme Court. (*See id.* [citing *Koehler v. Bank of Bermuda*, 209 F.3d 130 (2d Cir. 2000); *Ginsberg v. Zagar*, 251 P.2d 1080 (Colo. 1952)].) This court's research has revealed no cases from the Tenth Circuit or this district suggesting such specificity is required, and I see no reason to require it here. Tenth Circuit precedent is clear that a complaint alleging fraud must identify the "contents of the false representations," and makes no requirement for additionally identifying a plaintiff's basis for concluding the representations were false or misleading. *See Koch*, 203 F.3d at 1236; *Schwartz*, 124 F.3d at 1252. Moreover, it is worth noting that "[t]he requirements of Rule 9(b) must be read in conjuction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, direct, . . . and to be construed as to do substantial justice.'" *See Schwartz*, 124 F.3d at 1252 (citing Fed. R. Civ. P. 8[e]). I find a fair and common-sense reading of Plaintiff's complaint conveys that the Wells: (1) were not in an oil and gas producing area as represented by Defendants; and (2) produced less than Defendants' "realistic and very conservative" estimate of 2.7 BCF per well. (*See* Am. Compl. ¶¶ 12–14.) Thus, Plaintiff's allegations comports with the Tenth Circuit's requirement that a complaint alleging fraud identify the "contents of the false representations." *Koch*, 203 F.3d at 1236. Still, based on the infirmities identified above, I grant Spirit's motion to dismiss Plaintiff's unjust enrichment and fraud claims without prejudice.

I also grant Plaintiff's request for leave to amend his complaint to plead the aforementioned claims with more particularity. *See Koehler*, 209 F.3d at 137 ("Leave to amend should be freely granted, especially when dismissal is based on Rule 9(b)."); *Anderson v. USAA*

*Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004) ("Where the pleading does not satisfy the heightened requirements of Rule 9(b), the court should freely grant leave to amend."); *see also* Fed. R. Civ. P. 15(a)(2) (mandating that the court "should freely give leave [to amend the pleadings] when justice so requires"). Spirit does not argue against the court granting such leave. (*See* Spirit's Reply.) Accordingly, I dismiss Plaintiff's unjust enrichment and fraud claims without prejudice and with leave to amend.

### *iv. Rule 10b–5 Fraud*

Finally, Spirit argues that Plaintiff's 10b–5 claim does not meet PSLRA's pleading requirements. (Def.'s Br. at 4–5.) Rule 10b–5 prohibits certain fraudulent acts committed in connection with securities transactions by providing, in relevant part, that:

> It shall be unlawful for any person, directly or indirectly,
>
> . . . .
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . .

17 C.F.R. § 240.10b–5 (2008).

Because Rule 10b–5 claims involve allegations of fraudulent conduct, courts have long required that they be pled in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Skeptical of Rule 9(b)'s ability to curtail perceived abuses of securities laws by overzealous plaintiffs' attorneys, Congress enacted the PSLRA in 1995. *Fleming*, 264 F.3d at 1258. Among other things, the PSLRA substantially modified the standards for pleading securities fraud claims, purportedly establishing

standards that were "higher than any federal court had imposed up to that point in time." *Id.* at 1259. Under the PSLRA, to plead a valid 10b–5 claim, a plaintiff must: (1) plead with particularity the facts surrounding the alleged fraud, including identifying the specific misleading statements or omissions and the reasons why they are misleading; and (2) plead with particularity the facts permitting a strong inference of scienter. 15 U.S.C. §§ 78u–4(b)(1)–(2) (2006). Thus, Plaintiff must allege sufficient fact to create a "strong inference" that Spirit, in making the alleged misstatements and omission had an "intent to deceive, manipulate, or defraud." *Adams*, 340 F.3d at 1105. The Tenth Circuit has stated that it "understand[s] 'strong inference' of scienter to be a conclusion logically based upon particular facts that would convince a reasonable person that the defendant knew a statement was false or misleading." *Id.* The Supreme Court recently held that the "strong inference" of scienter required to make out a Rule 10b–5 claim "must be more than merely plausible or reasonable — it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, — U.S. —, 127 S. Ct. 2499, 2504–05 (2007).

As I found above, Plaintiff has failed to state with particularity the time and place of the alleged misstatements. (*See Analysis* § 2[c][iii], *supra.*) Further, I find Plaintiff has failed to plead sufficient facts to support a finding of scienter — that Spirit *knowingly* misstated and/or omitted material facts in connection with Plaintiff's purchase of the Note. Plaintiff's only allegations regarding scienter are conclusory assertions that Spirit's misrepresentations were made "knowingly." (*See* Am. Compl. ¶¶ 61–62.) Such bald assertions are woefully inadequate to support a "strong inference of scienter." *Brody v. Stone & Webster, Inc. (In re Stone & Webster,*

*Inc., Sec. Litig.)*, 414 F.3d 187, 205 (1st Cir. 2005) (finding PSLRA's pleading "requirement is not satisfied by pleading which simply asserts that the defendant knew of the falsity"); *accord Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 684 (6th Cir. 2004). Thus, I grant Spirit's motion to dismiss Plaintiff's 10b–5 claim.

I now turn to Plaintiff's request for leave to amend his Rule 10b–5 claim. As I noted above, the PSLRA's pleading requirement is heightened even above that established by Rule 9(b), and caselaw suggests that leave to amend should not be so freely given under the former. *See, e.g.*, *Cal. Pub. Emples.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004). I agree with the Third Circuit's assessment that:

> [a]llowing leave to amend where there is a stark absence of any suggestion by plaintiff[] that [he has] developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings under the heightened requirements of PSLRA, would frustrate Congress's objective in enacting this statute of providing a filter at the earliest stage (pleading stage) to screen out lawsuits that have no factual basis.

*Id.* (internal quotations marks omitted); *Fidel v. Farley*, 392 F.3d 220, 236 (6th Cir. 2004) ("PSLRA restricts the scope of Rule 15(a) in the context of securities litigation such that plaintiffs have more limited ability to amend their complaints."). *But see Osher v. JNI Corp.*, 198 F. App'x 604, 605 (9th Cir. 2006) ("Leave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by PSLRA are so difficult to meet.").

In Plaintiff's response brief, which includes his request for leave to amend, as well as in his complaint, he fails to point to *any* facts supporting an inference of scienter, other than the fact that Spirit made representations that turned out to be false. (*See* Am. Compl.; Pl.'s Resp. at 12–14.) That the allged representations may have been false, however, in no way supports an inference that Spirit *knew* those representations were false at the time made. Thus, Plaintiff's motion to amend in no way suggests that he has "developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings under the heightened requirements of PSLRA." *Chubb Corp.*, 394 F.3d at 164. Accordingly, I must deny Plaintiff's request for leave to amend his Rule 10b–5 claim. *See id.* Any other conclusion would render PSLRA's scienter requirement moot, as a plaintiff would only need to plead that the defendant made misrepresentations in order to also effectively plead scienter. *See id.*

## 2. *Conclusion*

Based on the foregoing, it is therefore ORDERED that Spirit's Motion to Dismiss is GRANTED IN PART*:*

1. Plaintiff's Fourth and Fifth claims for relief based on unjust enrichment and fraud are DISMISSED without prejudice.

2. Plaintiff's request for leave to amend his Fourth and Fifth claims for relief is GRANTED. Plaintiff's amended complaint should be filed within two weeks of the filing of this order.

3. Plaintiff's Seventh claim for relief based on Rule 10b–5 Fraud is DISMISSED with prejudice.

-18-

Dated this 29th day of February, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge