IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00885-PAB-BNB

RICHARD GALVIN, an individual,

    Plaintiff,

v.

BRIAN McCARTHY, an individual, and
SPIRIT ENERGY, LLC, an Arkansas limited liability company,

    Defendants.
_____

**ORDER**
_____

Plaintiff Richard Galvin filed this case in an attempt to recoup his alleged losses on an oil well investment and to force payment on a related promissory note. The matter comes before the Court on plaintiff Richard Galvin's "Motion for Partial Summary Judgment Against Defendant Brian McCarthy on Plaintiff's First, Second and Third Claims for Relief" [Docket No. 61]. The Court's jurisdiction is premised upon diversity of citizenship with an amount in controversy in excess of the statutory minimum under 28 U.S.C. § 1332 (2006).

**I. BACKGROUND**

It appears from the record that plaintiff originally filed his complaint against Mr. McCarthy and two entities – Spirit Energy, LLC and Texas Petroleum Resources, Inc. – in the District Court for Arapahoe County, Colorado on or around October 20, 2006. *See* Notice of Removal [Docket No. 1], Ex. 4 (District Court Civil Case Cover Sheet) at

2. On or around March 16, 2007, plaintiff filed an amended complaint in the state court. *See* Notice of Removal, Ex. 5 (First Am. Compl.). On April 27, 2007, defendant McCarthy filed an answer to plaintiff's amended complaint. *See* Notice of Filing of Additional State Ct. Docs. [Docket No. 9], Ex. 2 (Def. Brian McCarthy's Original Answer ("Def. McCarthy's Answer")). On April 30, 2007, defendant Spirit Energy removed the case to this Court [Docket No. 1].

On March 18, 2008, plaintiff filed his second amended complaint which included claims against defendant McCarthy. *See* Second Am. Compl. [Docket No. 71]. To date, defendant McCarthy has not filed a responsive pleading to the second amended complaint.

On December 31, 2007, plaintiff filed a motion for partial summary judgment against defendant McCarthy.[1] *See* Mot. for Partial Sum. J. Against Def. Brian McCarthy on Pl.'s First, Second and Third Claims for Relief [Docket No. 61] ("Pl.'s Mot. for Sum. J."). The motion seeks summary judgment on the first, second, and third claims of plaintiff's complaint: for default on a negotiable instrument, breach of contract, and breach of guaranty, respectively.[2]

Seven months passed after plaintiff filed his motion for partial summary judgment, but defendant McCarthy did not file a response or a request for an extension

---

[1] Although plaintiff filed his second amended complaint after the motion for partial summary judgment, because the second amended complaint contains identical claims against McCarthy as the first amended complaint, I proceed under the original motion for partial summary judgment.

[2] These three claims are asserted against defendant McCarthy alone and comprise the entirety of plaintiff's claims against defendant McCarthy.

of time. Consequently, on August 1, 2008, the Court issued an order requiring defendant McCarthy to "show cause in writing, within ten days of the date of [the] order" why the Court should not grant plaintiff's motion for partial summary judgment on the merits or as a sanction against defendant McCarthy for failing to respond. Order to Show Cause [Docket No. 86] at 1-2.

On August 7, 2008, defendant McCarthy filed a *pro se* motion for an extension of time to respond to the order to show cause, citing his medical condition – the adverse impacts of cancer and its treatment – as the reason. *See* Mot. to Req. Extension to Order to Show Cause [Docket No. 88]. The Court granted the motion, extending the deadline until August 25, 2008. *See* Minute Order [Docket No. 89]. On August 25, 2008, defendant McCarthy filed a motion for a second extension of time, stating that he could no longer proceed *pro se*, and seeking an additional sixty days in order to engage counsel on his behalf. *See* Mot. to Req. Extension to Order to Show Cause [Docket No. 90]. On August 26, 2008, the Court denied defendant McCarthy's second motion for an extension of time. Minute Order [Docket No. 91]. Neither defendant McCarthy, nor counsel on his behalf, has filed any subsequent papers regarding plaintiff's motion for partial summary judgment or otherwise appeared before this Court.

## II. ANALYSIS

### A. Summary Judgment

#### 1. Legal Standard

Federal Rule of Civil Procedure 56(c) instructs that a court should grant summary judgment where "the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of a genuine dispute concerning a material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e).

Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

A court may not consider all proffered evidence when ruling on a summary judgment motion; only admissible evidence may enter the analysis. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Courts are to view the permissible evidence, making reasonable inferences therefrom in the light

4

most favorable to the nonmoving party. *Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998)).

### 2. Failure to Respond

Where a party fails to respond to a motion for summary judgment, a district court may grant that motion either on its merits or as a sanction against the nonmoving party. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).[3] Although the district court may deem the motion uncontested, it may not grant the motion as a matter of course simply because the nonmoving party failed to respond. *See id.*; *see also Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Rather, the court must undergo the traditional Rule 56 analysis. Therefore, "[b]efore the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." *Reed*, 312 F.3d at 1194.

However, "[b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* at 1195. Furthermore, a court is to "accept as true all material facts asserted and properly supported in the summary judgment motion."

---

[3] Most cases dealing with the granting of summary judgment against an unresponsive nonmoving party do so where it is the plaintiff that has failed to respond. However, there is no reason to conclude that cases such as the present one, where the defendant has not responded to a motion for summary judgment, are to be approached any differently. *Cf. Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or *defend a case*, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party." (emphasis added)).

*Id.* If those facts entitle the moving party to judgment as a matter of law, that party should be granted summary judgment. *Id.*

In the alternative, a district court may grant summary judgment as a sanction against a nonmoving party for failing to respond. *Issa*, 354 F.3d at 1177. In order to grant a summary judgment as a sanction, a court must undertake an explicit analysis of the three factors established in *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988). *See Issa*, 354 F.3d at 1177. A court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Reed*, 312 F.3d at 1195. Generally, however, a court's inclination to grant summary judgment as a sanction for failing to defend is tempered by a strong preference for deciding cases on their merits. *See id.*

### B. Plaintiff's Uncontested Motion for Summary Judgment

#### 1. Undisputed Facts

The following facts derive from plaintiff's motion for summary judgment, and being uncontested, are accepted as true. *Reed*, 312 F.3d at 1195. Sometime on or around December 20, 2004, defendant McCarthy executed a promissory note (the "Note") in the amount of $299,000.00 in favor of plaintiff. *See* Pl.'s Mot. for Sum. J., Ex. 1 (Br. in Supp. of Mot. for Partial Sum. J. Against Def. Brian McCarthy on Pl.'s First, Second and Third Claims for Relief ("Pl.'s Br.")), Statement of Undisputed Facts ("SUDF") ¶ 1; *id.*, Ex. 2 (Affidavit of Richard Galvin in Supp. of Mot. for Partial Sum. J. Against Def. Brian McCarthy ("Galvin Aff.")) ¶ 2. Defendant McCarthy signed the Note, individually, as the borrower, and also signed it as a guarantor. *See id.*, Pl.'s Br., SUDF

¶¶ 3-4; *id.*, Ex. 3 (Promissory Note) at 9. Defendant McCarthy requested that plaintiff pay the entire $299,000 to defendant Spirit Energy, McCarthy's employer at the time. *See id.*, Pl.'s Br., SUDF ¶ 2; *id.*, Galvin Aff. ¶ 3. Plaintiff obliged and tendered the money to Spirit Energy. *See id.*, Pl.'s Br., SUDF ¶ 2; *id.*, Galvin Aff. ¶ 3.

Under the Note, interest on the unpaid principal and past-due interest accrued at a rate of 10% per annum, with an additional 2.5% on any past-due amounts. *See id.*, Pl.'s Br., SUDF ¶ 6; *id.*, Promissory Note § 1. By its terms, the Note matured upon the earlier of (1) the underlying oil enterprise returning $299,000 in receipts, or (2) two years from the date of the Note's execution on December 20, 2004 – in other words, on December 20, 2006. *See id.*, Pl.'s Br., SUDF ¶ 7; *id.*, Promissory Note § 3.

The Note identifies several "Events of Default," which trigger an acceleration of the payments under the Note, making all outstanding principal and interest due immediately. *See id.*, Pl.'s Br., SUDF ¶ 10; *id.*, Promissory Note § 8(b). One of the "Events of Default" identified in the Note is defendant McCarthy's failure "to pay when due the full amount of interest then accrued on [the Note] or the full amount of any principal payment on [the Note]." *Id.*, Pl.'s Br., SUDF ¶ 9; *id.*, Promissory Note § 8(a)(I). To date, defendant McCarthy has not paid any of the amounts due on the principal or interest under the Note. *See id.*, Pl.'s Br., SUDF ¶ 14; *id.*, Galvin Aff. ¶ 5. Finally, the Note obliges defendant McCarthy to pay "all expenses, including reasonable attorneys' fees and legal expenses, incurred by the holder of [the Note] in attempting to collect

any amounts payable" under the Note. See id., Pl.'s Br., SUDF ¶ 7; id., Promissory Note § 7(f).[4]

### 2. Plaintiff's Claims Against Defendant McCarthy

Although plaintiff asserts three separate claims for relief against defendant McCarthy – default on a negotiable instrument, breach of contract, and breach of guaranty – they are somewhat duplicative. Each is an attempt under contract law to recover the amounts due under the Note. See *Thompson v. Thornton*, 198 P.3d 1281, 1284 (Colo. App. 2008) (stating that enforcement of a promissory note is a contract claim); *Nat'l Acceptance Co. of Am. v. Mars*, 780 P.2d 59, 60 (Colo. App. 1989) (stating that enforcement of a guaranty is grounded in contract). However, to the extent that each claim presents a distinct theory for recovery, I address them in turn. *Cf.* Fed. R. Civ. P. 8(d)(2); *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952).

#### a. Default on a Negotiable Instrument

Plaintiff's first claim for relief seeks a finding that defendant McCarthy is in default on the Note and a judgment enforcing the Note's provisions pursuant to Article 3 of Colorado's Uniform Commercial Code (the "Code").[5] Article 3 of the Code governs negotiable instruments. *See* Colo. Rev. Stat. Ann. § 4-3-102 (West 2008). A "negotiable instrument" is defined generally as "an unconditional promise or order to

---

[4] The Note contains two sections numbered "7." The section referred to here is the latter of the two, entitled "Miscellaneous." This section is more appropriately numbered section "9," and will be cited as such going forward.

[5] The Note has a choice of law provision selecting the laws of Colorado as governing "[t]he validity, construction and enforcement of [the Note] and the rights and obligations of the holder and the Borrower . . . ." Pl.'s Mot. for Sum. J., Promissory Note § 9(c).

pay a fixed amount of money, with or without interest or other charges described in the promise or order" which:

> (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) Is payable on demand or at a definite time; and (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (I) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

Colo. Rev. Stat. Ann. § 4-3-104 (West 2008). A promise to pay contained in an instrument as described in section 4-3-104 is a "note," often referred to as a promissory note. The Code requires the issuer, i.e. the maker, of a note to pay it according to the terms extant at the time of issuance to a person entitled to enforce it. Colo. Rev. Stat. Ann. § 4-3-412 (West 2008). The holder of the note is entitled to enforce it. Colo. Rev. Stat. Ann. § 4-3-301 (West 2008). Where the promisor defaults on a note, the holder may bring an action to obtain a judgment against the defaulting party. *See Mortgage Inv. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1184-85 (Colo. 2003); *see also* Colo. Rev. Stat. Ann. § 4-3-401 (West 2008)

In the present case, defendant McCarthy, as the Note's signatory, is the "maker" of the Note. *See* Black's Law Dictionary 975 (8th ed. 1999). He signed the Note "individually" and issued it to plaintiff. Its authenticity is not disputed. Although defendant McCarthy asserted in his answer that he signed the Note in his representative capacity, he has presented no evidence to support that assertion. *See* Def. McCarthy's Answer ¶ 3.

Under section 4-3-402, a purported agent is not liable on a note if the form of the

9

signature shows unambiguously that the signature is made on behalf of the principal and the principal authorized the agent to do so. Colo. Rev. Stat. Ann. § 4-3-402(b)(1) (West 2008). However, defendant McCarthy's signature on the Note makes no reference to a principal and so he finds no refuge under section 4-3-402. *Cf.* Colo. Rev. Stat. Ann. § 4-3-402 official cmt. 2 (West 2008).

Even where the document itself does not demonstrate that a signature is made in a representative capacity, a signatory still may avoid liability if he "proves that the original parties did not intend the representative to be liable on the instrument." Colo. Rev. Stat. Ann. § 4-3-402(b)(2) (West 2008). Defendant McCarthy has offered no evidence to support this contention and, as such, has failed to prove it. Furthermore, the fact that defendant McCarthy signed the Note "individually" militates strongly in favor of finding him liable under it. *See Rink-A-Dinks v. TNT Motorcycles, Inc.*, 655 P.2d 431, 432-33 (Colo. App. 1982) ("Where parties sign a note as individuals . . . without any qualifying designations, they are individually liable as makers.") Therefore, plaintiff has met his initial burden in establishing that no genuine issue of material fact exists regarding the validity of the Note and defendant McCarthy's liability under it. The burden then shifts to defendant McCarthy to prove that there is a genuine issue for trial on a material matter. Defendant McCarthy has not met this burden. I conclude, therefore, that plaintiff is entitled to judgment as a matter of law on his default on a negotiable instrument claim against defendant McCarthy.

### b. Breach of Contract

In the alternative to his claim seeking enforcement of the Note, plaintiff's second claim for relief asserts a breach of contract claim against defendant McCarthy based on

the provisions of the Note. Although promissory notes are governed under Article 3 of Colorado's Uniform Commercial Code (the "Code"), they are treated like contracts in many respects. For example, a promissory note is interpreted like a contract under Colorado law. *See Roberts v. Adams*, 47 P.3d 690, 694 (Colo. App. 2001). Furthermore, a party may enforce a promissory note through a breach of contract claim. *See*, *e.g.*, *id*.

Under Colorado law, a party asserting a breach of contract claim must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

In establishing the existence of a contract, a party must show that the contract was properly formed. Contract formation requires mutual assent to an exchange between competent parties – where an offer is made and accepted – regarding a subject matter which is certain, and for which there is legal consideration. *See Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997).

The Note, the authenticity of which is unchallenged, embodies an offer made and accepted by plaintiff and defendant McCarthy. *Cf.* Colo. Rev. Stat. Ann. § 4-3-308 (West 2008) ("In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."). Defendant McCarthy asserted in his answer to the first amended complaint that he received no consideration for his signing of the Note. *See*

Def. McCarthy's Answer ¶ 2. This assertion fails on two levels. First, as noted above, defendant McCarthy may not rely solely on the pleadings to contest a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Second, in Colorado, the standard for finding the existence of consideration does not set a high bar. *See W. Fed. Sav. & Loan Ass'n v. Nat'l Homes Corp.*, 445 P.2d 892, 897 (Colo. 1968) ("A benefit to the promisor or detriment to the promisee can constitute consideration, however slight."); *Luby v. Jefferson County Bank of Lakewood*, 476 P.2d 292, 294 (Colo. App. 1970) (applying the *Western Federal* language to analysis of consideration for a promissory note); *see also* Colo. Rev. Stat. Ann. § 4-3-303 (West 2008) (defining "consideration" in the context of Article 3 of the Code as "any consideration sufficient to support a simple contract.")

Where a promissory note is concerned, there is a presumption in favor of finding consideration, and the maker of the note bears the burden of proving a lack or failure thereof. *See Luby*, 476 P.2d at 293-94. Lastly, the maker need not be the recipient of the bargained-for performance. *See Wellshire Land Co. v. City & County of Denver*, 87 P.2d 1, 2 (Colo. 1939) ("Benefit to a third party is sufficient consideration for a contract."); *Luby*, 476 P.2d at 294 ("The fact that the proceeds of the loan went to a co-maker of the note or to his designee does not constitute a lack or failure of consideration."); Restatement (Second) of Contracts § 71(4) (1981).

Therefore, the payment of the $299,000 to defendant Spirit Energy at the request of defendant serves as the necessary consideration to establish the first element of a breach of contract claim, that a valid contract was in force. Plaintiff has

met his burden in establishing that no genuine issue is present regarding the existence of a contract, and defendant McCarthy has failed to present specific facts which demonstrate that there is a genuine issue for trial on this point.

Furthermore, plaintiff has met his burden in establishing that no genuine dispute exists regarding the other three elements of his breach of contract claim. Plaintiff performed his obligations under the Note, paying $299,000 to defendant Spirit Energy at the request of defendant McCarthy. Defendant McCarthy has admitted that this money was paid to Spirit Energy. *See* Def. McCarthy's Answer ¶ 2. It is undisputed that defendant McCarthy has failed to perform his obligations under the Note by failing to pay the principal and interest due. Finally, plaintiff clearly incurred damages in the form of unpaid amounts due from defendant McCarthy under the Note. With the burden regarding these issues shifted to defendant McCarthy, his failure to respond to the motion for summary judgment amounts to a failure to meet this burden. As a result, plaintiff is entitled to judgment as a matter of law on his breach of contract claim against defendant McCarthy.

### c. Breach of Guaranty

Plaintiff's third claim for relief alleges that defendant McCarthy breached the guaranty in the Note. Since a guaranty is a species of contract, albeit a specialized one, *see A.R.A. Mfg. Co. v. Cohen*, 654 P.2d 857, 859 (Colo. App.1982), I consider the breach of contract elements recounted above. In other words, the plaintiff must prove: (1) the existence of a guaranty contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages.

The existence of a guaranty contract, like any other contract, depends on mutual assent among the parties and consideration. *Cf. A.R.A. Mfg.*, 654 P.2d at 859 (discussing implied contracts). The undisputed facts establishing mutual assent to the Note also demonstrate mutual assent to the guaranty. Where a contract and a guaranty of that contract are formed concurrently, the consideration for the former also may serve as the consideration for the latter. *See Colo. State Bank of Denver v. Rothberg*, 474 P.2d 634, 636 (Colo. App. 1970). Furthermore, a legal detriment incurred by the promisee in reliance on the guaranty contract also may serve as consideration for the guaranty contract. *See id.* In the present case, plaintiff's provision of the $299,000 pursuant to the Note qualifies as consideration for both the Note and the guaranty. As such, the undisputed facts demonstrate that a guaranty contract existed. Paralleling the breach of contract discussion above, the undisputed facts also establish that (1) plaintiff performed his obligations under the guaranty agreement by paying out the $299,000, and (2) defendant McCarthy failed to meet his obligations as guarantor by failing to pay the amounts due pursuant to the guaranty agreement. Finally, damages to plaintiff as a result of defendant McCarthy's failure to pay as guarantor are evident.

As a result, plaintiff has met his burden in establishing that no genuine dispute exists regarding the material facts that prove the elements of his breach of guaranty claim. Once again, with the burden regarding these issues shifted to defendant McCarthy, he has failed to prove material disputes necessitating trial. As a result, plaintiff is entitled to judgment as a matter of law on his breach of guaranty claim.

C. **Summary Judgment as a Sanction**

As previously noted, a court may grant summary judgment against a non-responsive party for failing to defend his case. In doing so, that court must apply the *Meade* factors: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.

*1. Degree of Actual Prejudice to the Opposing Party*

This case continues to be litigated against the active defendant Spirit Energy. However, plaintiff based his claims against Spirit Energy on different theories than the claims against defendant McCarthy. As a result of defendant McCarthy's failure to defend against plaintiff's claims for the past fourteen months, plaintiff faces prejudice to his case due to the passage of time – evidence and memories lose clarity or are lost altogether. *See Green v. Dorrell*, 969 F.2d 915, 918 (10th Cir. 1992) (holding that dismissal was the appropriate sanction, in part because "[t]he added delay caused by [plaintiff's] failure to respond to [defendants'] motion to dismiss disfavored [defendants] because the memory and availability of witnesses diminishes with time").

*2. Amount of Interference with the Judicial Process*

The court in *Meade* considered two types of inconvenience to a court: hindrance to the court's ability to decide the motion at hand and delay in the proceedings. *See Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988). Defendant McCarthy's failure to respond to the case against him has inconvenienced the Court in both regards. Plaintiff filed his motion for partial summary judgment against defendant McCarthy more than a year ago. Seven months later, defendant McCarthy had not responded in any

way. Prodded by the Court's order to show cause, he finally acknowledged the motion, doing so only to request an extension of time.

In the meantime, plaintiff's case against defendant McCarthy has sat dormant.[6] First filed in April 2007, this case is not in the early stages, and the other parties proceed in litigating it. *Compare Elsoueissi v. Denny's, Inc.*, 129 F.3d 130 (10th Cir. 1997) (unpublished table opinion) (citing various cases for the proposition that dismissal pursuant to the *Meade* factors is disfavored where it is based on isolated incidents of noncompliance, particularly where those incidents occur in the early stage of litigation). This fact makes defendant McCarthy's absence ever more inconvenient to the Court.

Furthermore, although the Court is able to decide the motion without defendant McCarthy's response, without guidance from defendant McCarthy as to which aspects of plaintiff's claims he disputes, the Court is forced to attempt to anticipate those issues on defendant McCarthy's behalf. The Court, in turn, must expend additional time and effort undertaking a comprehensive review, which is an inefficient use of judicial resources.

### 3. Culpability of the Litigant

Defendant McCarthy is appearing *pro se* in this case. While a party's *pro se* status elicits a more generous interpretation of a litigant's papers, it does not alleviate the burdens on the party to attend to his case and to obey the applicable rules of procedure. *See Green*, 969 F.2d at 917; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

---

[6] As recently as January 21, 2009, Magistrate Judge Boyd N. Boland noted that defendant McCarthy did not intend to travel from Texas in order to attend a settlement conference in this case [Docket No. 96].

Cir. 1991). On the other hand, defendant's *pro se* status also means that the culpability associated with any dilatory behavior attaches directly to him rather than to an attorney representing him. *Cf. Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988) (citing *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) (en banc)) (noting that the impact of a sanction must be lodged where the fault lies).

The Court is aware of and sympathizes with the circumstances surrounding defendant McCarthy's health. However, his ailment does not absolve him of his responsibilities in this case. As his final motion for an extension of time attests, defendant McCarthy is capable of engaging an attorney to appear on his behalf. Problematically, he has not done so to this day. Plaintiff and the Court need not wait in abeyance indefinitely, in the hope that defendant McCarthy may some day attend to this case.

Despite the Court's clear warning in the order to show cause that defendant McCarthy faced summary judgment as a sanction for continued unresponsiveness, no response has been forthcoming. The record does not evidence a motion by defendant McCarthy arguing excusable neglect. In fact, as far as the Court is aware, defendant McCarthy has not participated in this case in any way since being denied his last motion for an extension of time.

Thus, in the alternative to the Rule 56 analysis above, summary judgment in favor of plaintiff is appropriate as a sanction against defendant McCarthy for failing to defend the case against him.

## III. CONCLUSION

Plaintiff is entitled to summary judgment against defendant McCarthy in this case both as a matter of law pursuant to Federal Rule of Civil Procedure 56 and as a sanction against defendant McCarthy for his failure to defend the case. It is, therefore,

**ORDERED** that plaintiff Richard Galvin's "Motion for Partial Summary Judgment Against Defendant Brian McCarthy on Plaintiff's First, Second and Third Claims for Relief" [Docket No. 61] is GRANTED. It is further

**ORDERED** that any Final Judgment entered upon resolution of all claims against all parties shall include judgment in favor of plaintiff Richard Galvin against defendant Brian McCarthy on plaintiff's claims for breach of a negotiable instrument (first claim for relief), breach of contract (second claim for relief), and breach of guaranty (third claim for relief).

DATED March 31, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge