IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00885-PAB-BNB

RICHARD GALVIN, an individual,

Plaintiff,

v.

BRIAN MCCARTHY, and
SPIRIT ENERGY, LLC, an Arkansas limited liability company,

Defendants.
_____

# ORDER
_____

This matter arises on **Spirit Energy LLC's Motion for Judgment for Attorney Fees and Costs Against Plaintiff and His Counsel, Shane Edgington** [Doc. # 126, filed 10/21/2009] (the "Motion"). The Motion is GRANTED. Spirit Energy is awarded attorney's fees and costs in the amount of $674.20 against plaintiff's counsel, M. Shane Edgington.

By an Order [Doc. # 102, filed 7/28/2009], I set this case for a final pretrial conference on August 25, 2009. I required the parties to submit a proposed final pretrial order by August 18, 2009. On August 18, defendant Spirit Energy filed a Motion for Permission to File Unilaterally Prepared Proposed Pretrial Order [Doc. # 105] (the "Motion to File"). The Motion to File reported:

> Since the date of the hearing at which the order regarding the
> Pretrial Order was entered, the undersigned counsel has tried
> several times to communicate in writing with counsel for Plaintiff
> regarding Pretrial Order. I have received no response. I prepared
> a proposed Pretrial Order and sent it to counsel for Plaintiff, asking

>
> for Plaintiff's input.  No response has been received.  The order
> was revised and resent, and revised and resent again.  Plaintiff has
> never responded.

Motion to File [Doc. # 105] at ¶3.

Prompted by the Motion to File, I entered an Order to Show Cause [Doc. # 108, filed 8/19/2009], reciting the pertinent facts and requiring the plaintiff to show cause, if any there be, in writing and on or before August 24, 2009, why the case should not be dismissed for failure to prosecute, failure to comply with D.C.COLO.LCiv R 16.3 and App. G concerning the preparation of a proposed final pretrial order, and failure to comply with my Order of July 28, 2009.

Plaintiff's counsel acknowledged in his Response to Order to Show Cause [Doc. # 109, filed 8/25/2009] (the "Response OSC") that he received Spirit Energy's various drafts of the proposed final pretrial order on August 17, 2009.  Response OSC at ¶¶3-4.  The Response OSC also states:

> As he advised defense counsel, Plaintiff's counsel intended to
> update the draft proposed pretrial order and file it on the afternoon
> of August 18, 2009 in compliance with the Court's Order.
> Unfortunately, upon returning from his hearing on August 18,
> 2009, Plaintiff's counsel found that his computer had somehow
> been damaged and was inoperable.  Plaintiff's counsel is a sole
> practitioner and currently has access to only one computer in his
> office.  The vast majority of the information regarding this case is
> stored electronically by Plaintiff's counsel.  As a result, Plaintiff's
> counsel could not access the pleadings he had been working on nor
> the relevant information to complete those pleadings.  Moreover,
> Plaintiff's counsel had no way of filing required documents
> electronically as is required by the Court.  Plaintiff's counsel
> immediately made efforts to have the computer issue fixed, but
> could not do so until after the Court had issued its Order to Show
> Cause on August 19, 2009.

Response OSC at ¶6.

Unfortunately, the Response OSC was not filed until 12:37 a.m. on August 25, 2009--the day of the final pretrial conference.

Absent from Mr. Edgington's excuse is any explanation of why he did not contact Spirit Energy's counsel or the court **by telephone** to notify them of his difficulties and to request that the final pretrial conference be rescheduled.  As a result, the final pretrial conference on August 25, 2009, was a waste of time which could easily have been avoided had Mr. Edgington acted reasonably and notified counsel or the court of his dilemma.  Mr. Edgington's unreasonable thoughtlessness required that a supplemental final pretrial conference be held at additional expense to Spirit Energy.  As a result, I invited Spirit Energy's counsel to file a written motion for attorney's fees incurred in appearing at the futile conference on August 25.  In response to my statement, Mr. Edgington stated, "Your Honor, it won't be necessary to make a written motion.  We won't oppose that."

Section 1927, 28 U.S.C., provides for the award of sanctions in the form of attorney's fees and costs under the circumstances presented here:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Tenth Circuit Court of Appeals applied § 1927 in <u>Hamilton v. Boise Cascade Express</u>, 519 F.3d 1197, 1202 (10th Cir. 2008), stating:

> We have held that § 1927 does not require a finding of bad faith: Although subjective good faith on the part of a non-attorney party appellant may in some instances excuse otherwise unreasonable conduct, we are entitled to demand that an attorney exhibit some judgment.  To excuse objectively unreasonable conduct by an

>> attorney would be to state that one who acts with "an empty head and a pure heart" is not responsible for the consequences. . . . So any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable.

(Internal quotations and citations omitted.)

Although Mr. Edgington's conduct here may not be shocking, it was abusive:

> [S]anctions are not reserved for the worst offenders.  This is particularly true of sanctions under § 1927, which . . . are levied to compensate the victims of dilatory practices, not as a means of punishment. . . .  Sanctions may be appropriate, rather, in response to objectively unreasonable conduct.  Where, "pure heart" notwithstanding, an attorney's momentary "empty head" results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible.

Id. at 1203.

In calculating the amount of the attorney's fee award to Spirit Energy under § 1927, I may apply either a lodestar calculation or I may award "attorney's fees reasonably incurred." Id. at 1206-07.  I have carefully reviewed the fees sought by counsel for Spirit Energy, and I find that they were reasonably incurred in attending the futile pretrial conference on August 25, 2009. Significantly, Mr. Edgington has not filed a response in opposition to the fee request.  I interpret that as a concession that he agrees that the requested fees are reasonable.

IT IS ORDERED that the Motion is GRANTED.  Spirit Energy is awarded attorney's fees and costs in the amount of $674.20 against plaintiff's counsel, M. Shane Edgington.

IT IS FURTHER ORDERED that Mr. Edgington shall satisfy this award by payment in full on or before **January 25, 2010**.

Dated January 11, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge