IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00885-PAB-BNB

RICHARD GALVIN, an individual,

     Plaintiff,

v.

BRIAN MCCARTHY, an individual,

     Defendant.

---

## ORDER FOR ENTRY OF PARTIAL JUDGMENT

---

This matter comes before the Court following the entry of partial judgment on

plaintiff's claims against defendant Spirit Energy on August 12, 2010. All that remains

of this case are plaintiff Richard Galvin's claims against defendant Brian McCarthy. On

March 31, 2009, the Court granted plaintiff's motion for summary judgment [Docket No.

61] on plaintiff's first, second, and third claims against defendant McCarthy [Docket No.

100].[1] In entering partial judgment against Mr. McCarthy's co-defendant, Spirit Energy,

LLC, the Court "ordered that, on or before 5:00 p.m., Friday, August 6, 2010, plaintiff

shall file a status report in which he proposes a course of action in dealing with the

remaining issues related to the claims against defendant McCarthy." Order for Entry of

Partial J. [Docket No. 157].

---

[1] Plaintiff's second amended complaint [Docket No. 71] asserted the fifth, sixth, and seventh claims against "all defendants." However, to the extent that plaintiff wished to assert these claims against defendant McCarthy, those claims were abandoned and dismissed by plaintiff's failure to pursue them and by operation of the September 17, 2009 final pretrial order [Docket No. 119].

Plaintiff failed to respond. In fact, on repeated occasions during the course of this litigation, plaintiff has failed to meet deadlines and otherwise respond to Court orders. As a result, while plaintiff is entitled to judgment against defendant McCarthy on claims one, two, and three, plaintiff has failed to present evidence of actual damages resulting from those claims. Having failed to respond to the Court's most recent order, plaintiff has lost his opportunity to do so.

The Court's ruling in plaintiff's favor on the question of liability still stands. Plaintiff, however, failed to carry his burden on damages. Nevertheless, because plaintiff asserted and prevailed at the liability phase on variations of a breach of contract claim, he is entitled to nominal damages. Under Colorado law, "in the absence of sufficient proof of actual damages, the plaintiff is nonetheless entitled to nominal damages." CJI-CIV 30:36 (2010) (Source and Authority Notes) (citing *Hoehne Ditch Co. v. John Flood Ditch Co.*, 233 P. 167 (1925); *Patrick v. Colorado Smelting Co.*, 38 P. 236 (1894); *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472 (Colo. App. 2003), *cert. dism'd* (2005); Restatement (Second) of Contracts § 346(2) (1981)). "As a matter of law, nominal damages are one dollar." CJI-CIV 30:36 (2010) (Source and Authority Notes) (citing *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472 (Colo. App. 2003), *cert. dism'd* (2005); *Overland Dev. Co. v. Marston Slopes Dev. Co.*, 773 P.2d 1112 (Colo. App. 1989); *Colorado Inv. Servs., Inc. v. Hager*, 685 P.2d 1371 (Colo. App. 1984)).

Accordingly, it is

**ORDERED** that the Clerk of the Court shall forthwith enter judgment in favor of plaintiff and against defendant Brian McCarthy on plaintiff's first, second, and third

claims.  Judgment shall enter in favor of plaintiff and against defendant Brian McCarthy

in the amount of $1.00.  It is further

ORDERED that the plaintiff may have his costs upon the filing of a Bill of Costs

within 14 days from entry of judgment.

DATED September 10, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge