IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00885-PAB-BNB

RICHARD GALVIN, an individual,

    Plaintiff,

v.

BRIAN McCARTHY, an individual, and
SPIRIT ENERGY, LLC, an Arkansas limited liability company,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiff's motion for reconsideration [Docket No. 182]. Plaintiff requests reconsideration of the Court's September 10, 2010 Order for Entry of Partial Judgment [Docket No. 163]. In the September 10 Order, the Court found that plaintiff had demonstrated entitlement to judgment against defendant Brian McCarthy on three of his claims, but had failed to present evidence of actual damages arising from those claims. Therefore, the Court awarded plaintiff nominal damages on those claims.[1] On September 14, 2010, partial judgment entered [Docket No. 164] pursuant to the September 10 Order. On September 21, 2010, final judgment entered [Docket No. 168] pursuant to the September 14 partial judgment and an earlier-entered partial judgment [Docket No. 158]. Therefore, the present motion, which seeks relief from the judgment in this case to the extent it awarded only nominal damages against

---

[1] A jury awarded plaintiff $299,000.00 on his claim against defendant Spirit Energy, LLC for deceit based on fraud. *See* Docket No. 164 at 3.

defendant McCarthy, implicates Federal Rule of Civil Procedure 60(b).[2]

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)).  Without citing Rule 60(b) or any other authority, plaintiff requests that the Court revisit the award of nominal damages in light of the failure by plaintiff's previous counsel to respond to a Court order providing plaintiff with the opportunity to propose a course of action for dealing with the claims against defendant McCarthy.  In a civil case, however, ineffectiveness of counsel is not grounds for revisiting a judgment.[3]  *See Hudelson v. Cowdry*, 3 F. App'x 845, 847 (10th Cir. 2001) (noting that there is no constitutional right to effective assistance of counsel in civil cases and that plaintiff's "remedy for any alleged incompetence by his counsel is through a malpractice action against counsel, not through any relief from the judgment in this case"); *see also Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) ("Counsel's performance, however deficient, would not . . . form the

---

[2] Pursuant to Fed. R. Civ. P. 60(b), a court may grant relief from a final judgment, order, or proceeding for the following reasons:
- (1) mistake, inadvertence, surprise, or excusable neglect;
- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
- (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
- (4) the judgment is void;
- (5) the judgment has been satisfied, released or discharged . . . ; or
- (6) any other reason that justifies relief.

[3] There is a limited exception that is not applicable here. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) ("[T]he only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases.").

basis for reversal of the trial court."); *Siner v. Eastside Community Investments, Inc.*, 22 F. App'x 642, 643 (7th Cir. 2001) (stating that "ineffective assistance of counsel does not fall under the rubric of Rule 60(b)") (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801-02 (7th Cir. 2000); *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997)).[4]  "Thus, to the extent that the failure to respond . . . is attributable to plaintiff's counsel, plaintiff must bear those consequences." *York v. Federal Bureau of Prisons*, No. 07-cv-01297-PAB-KLM, 2009 WL 1537968, at *4 (D. Colo. May 29, 2009).

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for reconsideration [Docket No. 182] is DENIED.

DATED February 22, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] *Sparrow*, 116 F.3d at 206 ("[I]nexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion.").